UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13CV-00047-JHM

ANDY DELAMAR d/b/a JERI'S CAFÉ                                             PLAINTIFF

VS.

LINDA MOGAN, SUPERVISING ADJUSTER;
CUNNINGHAM LINDSEY U.S., INC.;
PENN-STAR INSURANCE COMPANY; and
GLOBAL INDEMNITY GROUP, INC.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) [DN 11]. Fully briefed, these matters are ripe for decision.

**I.  BACKGROUND**

Jeri's Café, a restaurant business located in Clay, Kentucky, suffered a fire loss on August 12, 2012. The Plaintiff, Andy Delamar d/b/a Jeri's Café, filed a claim with his insurance company, Global Indemnity Group. Global Indemnity Group hired an adjusting company, Cunningham Lindsey, to adjust the Plaintiff's claim related to the fire loss. Linda Mogan, an adjustor employed by Cunningham Lindsey, assisted in this effort. This action was filed in the Webster County Circuit Court by the Plaintiff alleging breach of contract and bad faith settlement claims.

The Plaintiff is a Kentucky resident and so is the Defendant Linda Mogan. Despite this, the Defendants removed the action to this Court based on diversity jurisdiction. The Defendants' removal is based on the theory that Plaintiff fraudulently joined Defendant Mogan for the purposes of defeating diversity jurisdiction. The Plaintiff now moves the Court to remand the case to the Webster County Circuit Court claiming that he has stated a colorable claim against the a non-diverse

defendant, the insurance adjustor.

## II. STANDARD OF REVIEW

"'Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.'" Walker v. Philip Morris USA, Inc., 443 Fed. Appx. 946, 952 (6th Cir. 2011) (quoting Saginaw Housing Comm'n v. Bannum, Inc., 576 F.3d 620, 624 (6th Cir. 2009)). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder.'" Id. (quoting Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999)). The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." Probus v. Charter Communications, LLC, 234 Fed. Appx. 404, 407 (6th Cir. 2007) (internal citation omitted). See also Walker, 443 Fed. Appx. at 952. In making this determination, the Sixth Circuit recognizes that the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a plaintiff's complaint has misstated or omitted "*discrete and undisputed facts*" that would determine the propriety of joinder. Walker, 443 Fed. Appx. at 953 (citation omitted). In adopting the approach articulated by the Fifth Circuit, the Sixth Circuit in Walker stated in relevant part:

> [A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may ... "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor.* The burden of persuasion on those who claim fraudulent joinder is a heavy one.

Id. (quoting Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003)). Therefore, "[w]hen deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." Casias v. Wal–Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012) (citing Walker, 443 Fed. Appx. at 952–54)).

### III. DISCUSSION

This Court must determine, as to the claims asserted against Defendant Mogan "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." Probus, 234 Fed. Appx. at 407. Both parties agree that Kentucky appellate courts have not addressed whether a cause of action exists against a claims adjuster for common law or statutory breach of the duty of good faith for insurance claims or for violation of the Kentucky Consumer Protection Act. Although no Kentucky appellate court has addressed the issue of adjuster liability for bad faith, federal courts in both the Eastern and Western District of Kentucky have done so, relying almost exclusively on the interpretation of Davidson v. American Freightways, Inc., 25 S.W.3d 94 (Ky. 2000) in predicting the potential liability for adjusters. Madison v. Nationwide Mutual Ins. Co., 2012 WL 692598, *2 (W.D.Ky. Mar. 2, 2012) ("Although the specific issue was seemingly narrow, the court's interpretation of the UCSPA extends to situations beyond self-insureds or uninsured."). In Davidson the Kentucky Supreme Court concluded that "the

3

UCSPA and the tort of 'bad faith' apply only to those persons or entities (and their agents) who are 'engaged . . . in the business of entering into contracts of insurance.'" Id. at 102 (quoting KRS § 304.1-040). Based on this language, courts in the Western District "have uniformly held that, absent a contractual obligation, a plaintiff may not sue an insurance adjuster for bad faith." Madison, 2012 WL 692598, at *2. These decisions have focused on the lack of a contractual relationship between the adjuster and the insured to preclude liability under Kentucky law. See e.g., Lisk v. Larocque, 2008 WL 2116466, at *4 (W.D.Ky. May 19, 2008) ("[U]nder Davidson a claims adjuster with no contractual obligation to pay claims cannot be sued in Kentucky for bad faith.").

However, Judge Van Tatenhove, in a recent decision in the Eastern District, Montgomery v. L & M Trucking & Equip. Co., 2010 U.S. Dist. LEXIS 144086 (E.D.Ky. Mar. 30, 2010), remanded the case after finding the plaintiff had at least asserted a "colorable claim" against the adjuster because of what it found to be ambiguous language in Davidson. Id. at *8. Judge Van Tatenhove noted that at one point in the Davidson opinion, the Kentucky Supreme Court states that the Kentucky Insurance Code only regulates those who are engaged in the business of entering into contracts of insurance. Yet, at another point in the opinion, the Kentucky Supreme Court states that the "'comprehensive [Kentucky insurance] regulatory scheme applies only to insurance companies and their agents in the negotiation, settlement, and payment of claims made against policies, certificates or contracts of insurance.'" Id. at *7 (quoting Davidson, 25 S.W.3d at 98). Additionally, Judge Van Tatenhove stated that a claims adjuster could not be held individually liable under UCSPA if the Kentucky Supreme Court meant that liability for bad faith rested solely on finding a direct contractual relationship between the parties. Id. at *6. However, he thought the opinion "could just as easily be understood as stating that as long as a contractual obligation exists (such as

4

a policy between an insurance company and its insured), both the entity and its agents may be liable under the UCSPA." Id. Taking into account the inconsistent statements, and possible interpretations, Judge Van Tatenhove concluded that those ambiguities required resolving the issue in favor of remand. Id.

In all due respect to Judge Van Tatenhove's opinion, the language he finds ambiguous does not take away from the effect of the Kentucky Supreme Court's opinion as to the applicability of the UCSPA. The court's explanation of the UCSPA is as follows:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute. In the case at bar, [the defendant] was under no contractual obligation to pay the [the plaintiff's] claims; thus, there exists no statutory or common law basis for a bad faith claim against it.

Davidson, 25 S.W.3d at 100. Davidson clearly indicated that a contractual relationship must exist between the parties for an entity or individual to be held liable for bad faith. Since Mogan did not have a contractual obligation to pay the claim or any other contractual relationship with the Plaintiff, there is no "reasonable basis" to suggest that Kentucky would hold Mogan individually liable for bad faith under either the common law or statutory scheme.

Finally, the Plaintiff asserts violation of the Kentucky Consumer Protection Act against Mogan. "Kentucky Courts have interpreted the Kentucky Consumer Protection Act to 'contemplate an action by a purchaser against [the] immediate seller,' and 'that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act.'" Helton v. American General Life Ins. Co., 2013 WL 2242773, at *5 (W.D.Ky. May 21, 2013) (quoting Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc., 836 S.W.2d 907, 910 (Ky. Ct. App. 1992). Because

5

there is no privity of contract between Plaintiff and Defendant Mogan, the Plaintiff would not have a reasonably viable claim under the Kentucky Consumer Protection Act against Mogan.

Accordingly, the Court finds that the Defendants have met "the heavy burden of proving that there is not even arguably a reasonable basis for predicting Kentucky law might impose liability" on the non-diverse Mogan. Jones Body Shop, Inc. v. PPG Industries, Inc., 2012 WL 1984292, *2 (E.D. Ky. June 4, 2012).

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand [DN 11] is **DENIED** and Defendant Mogan is dismissed because she was fraudulently joined.

cc: counsel of record